UNITED STATES of America, Plaintiff,

v.

George Boyd STONE, Defendant.

Crim. No. 93–00003–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

July 2, 1993.

S. Randall Ramseyer, Asst. U.S. Atty., Abingdon, VA, for plaintiff.

Peter Curcio, Bristol, VA, for defendant.

### MEMORANDUM OPINION

WILSON, District Judge.

Defendant, George Boyd Stone, is charged in a six-count indictment. Count one charges Stone with solicitation to commit murder in violation of 18 U.S.C. § 373, and count two charges him with solicitation to commit abduction in violation of that section. Count three charges wire fraud in violation of 18 U.S.C. § 1343, and count five seeks a forfeiture of currency derived from that alleged fraud. Count four charges Stone with structuring certain financial transactions for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a), and count six seeks forfeiture of the proceeds of that alleged structuring. The matter is before the court on Stone's motion to sever counts three through six and to transfer those counts to the Eastern District of Virginia for trial. The court grants Stone's Motion to Sever and takes under advisement his Motion to Transfer.

### I.

Stone's son was murdered, and one defendant has been convicted of that murder. Counts one and two arise from Stone's alleged efforts to have a second person Stone suspects of participating in his son's murder abducted and then killed. The wire fraud count of the indictment arises from an allegedly inflated property loss report Stone submitted to the USAA Property and Casualty Insurance Company (USAA) following the destruction of his home and its contents by fire. He purportedly submitted the report to obtain funds to finance killing the person he suspects of participating in his son's murder. The structuring transaction in count four arose from the handling of insurance proceeds following payment by the insurance company. For the purposes of this opinion, the court will assume that these alleged actions constitute a common scheme or plan.

### II.

Rule 8 of the Federal Rules of Criminal Procedure permits joinder of offenses in the same indictment or information under three circumstances: if they have the same or similar character; if they are based on the same act or transaction; or if they are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan. If offenses are properly joined under Rule 8, there are three sources

of prejudice that may justify the granting of a severance under Rule 14:

> (1) the jury may confuse and cumulate the evidence, and convict the defendant of one or both crimes when it would not convict him of either if it could keep the evidence properly segregated; (2) the defendant may be confounded in presenting defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other; or (3) the jury may conclude the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition.

*United States v. Foutz*, 540 F.2d 733, 736 (4th Cir.1976). A severance motion under Rule 14 rarely should be granted when the counts to be severed are properly joined because they are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan. This does not mean, however, that when two or more counts arise from a common scheme or plan they always must be tried together. When a defendant files a motion to sever under Rule 14 for relief from prejudicial joinder, because of the "possibility of 'criminal propensity' prejudice, the court must undertake the probative-prejudice test of Rule 403 of the Federal Rules of Evidence."[1] *United States v. Burkley*, 591 F.2d 903, 921 (D.C.Cir.1978), *cert. denied*, 440 U.S. 966, 99 S.Ct. 1516, 59 L.Ed.2d 782 (1979). The court is convinced that the "probative prejudice test" requires severance of counts three through six.

Although all acts alleged in the indictment may have the same motivation, from an evidentiary standpoint they have little in common. In fact, in a separate trial the court would be compelled to exercise its discretion under Rule 403 and limit evidence that, otherwise, is admissible. To prove the fraud claim, for example, the government must establish that items submitted on the property loss report were either nonexistent or that their value was overstated. That evidence will have little in common with the evidence proving that Stone solicited someone to commit abduction and murder. Therefore, much of the evidence relating to counts three through six would be substantially prejudicial to the defendant and of little probative value as to the two solicitation counts. Thus, even assuming all counts are properly joined under Rule 8 because they are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, this is one of those rare cases in which a severance should be granted under Rule 14.

### III.

For the reasons stated, Stone's Motion to Sever counts three through six will be granted, and the Motion to Transfer is taken under advisement.

### ORDER

In accordance with the Memorandum Opinion entered on this date, it is ORDERED and ADJUDGED that defendant's Motion to Sever counts one and two from counts three through six be and the same, hereby, is granted, and defendant's Motion to Transfer counts three through six is taken under advisement.

---

**1.** Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.